1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KAREN R. SCOTT,

               Plaintiff,

      v.

FORD MOTOR COMPANY, et al.,

               Defendants.

Case No.   21-cv-06418-EJD

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Re: Dkt. No. 18

Plaintiff Karen R. Scott initiated this suit in state court against Defendants Ford Motor Company ("Ford") and Susanville Ford ("SF"), asserting claims for breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act.  After SF was dismissed in the state court case, Ford removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Notice of Removal ("Notice") 1, Dkt. No. 1.  Plaintiff now moves to remand asserting that removal for diversity was improper because Ford has not met its burden of showing that the amount in controversy exceeds $75,000.  Motion to Remand, Dkt. No. 18.  Ford opposes the motion, asserting that Plaintiff's demand for both actual damages and civil penalties exceeds the jurisdictional limit.  Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is suitable for determination without oral argument and VACATES the hearing set for April 28, 2022.  Having considered the Parties' papers, the Court DENIES Plaintiff's motion to remand.

I.     **BACKGROUND**

Plaintiff is a resident of California.  Compl. ¶ 2, Dkt. No. 1-2.  Defendant Ford is a Delaware corporation and registered to conduct business in California.  *Id*. ¶ 4.  Defendant SF is a

Case No.: 21-cv-06418-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
1

1    California corporation located in Lassen County that is in the business of selling automobiles and

2    automobile components. *Id*. ¶ 5.  SF also services and repairs automobiles. *Id*.

3         In August 2018, Plaintiff purchased a 2016 Ford F-150 ("Vehicle") from SF, which was

4    manufactured or distributed by Ford. *Id.* ¶ 9.  The sales price for the Vehicle was approximately

5    $50,567.16.  *Id.*  Plaintiff received various express written warranties with the purchase, wherein

6    Ford undertook to preserve or maintain the utility of the Vehicle, or to provide compensation if

7    there is a failure in utility or performance. *Id*. ¶ 10.  During the warranty period, the Vehicle

8    developed several defects that substantially impaired its use, value, or safety. *Id*. ¶ 11.  Plaintiff

9    alleges that Ford and its California representatives have been unable to service or repair the

10   Vehicle to conform to the applicable express warranties after a reasonable number of

11   opportunities, and that Ford also failed to replace the Vehicle or make restitution to Plaintiff. *Id*. ¶

12   12.

13        On February 2, 2021, Plaintiff filed this suit in the Superior Court of California, County of

14   Santa Clara. *Id.* at 1.  Plaintiff lists the following in the prayer for relief: (a) actual damages; (b)

15   restitution; (c) civil penalties in the amount of two times Plaintiff's actual damages pursuant to

16   California Civil Code section 1794; (d) consequential and incidental damages; (e) costs of suit and

17   reasonable attorneys' fees; (f) prejudgment interest; and (g) such other relief as the court may

18   deem proper. *Id*. at 7.

19        On July 20, 2021, Plaintiff voluntarily dismissed Defendant SF.  Notice ¶¶ 4, 9.  On

20   August 19, 2021, Defendant Ford removed the case to this district on diversity jurisdiction

21   grounds.  Notice 1.

22        On December 30, 2021, Plaintiff moved to remand this case to state court. *See* Plaintiff's

23   Mem. Supp. Mot. Remand ("Mot."), Dkt. No. 18.  Defendant Ford opposes. *See* Dkt. No. 20

24   ("Opp.").

25   **II.    STANDARDS**

26        Defendants may remove a case to a federal court when a case originally filed in state court

27   presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b),

28   Case No.: 21-cv-06418-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

2

United States District Court
Northern District of California

1    1446, 1453.  Only state court actions that originally could have been filed in federal court may be

2    removed.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Pursuant

3    to 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions with diverse parties

4    and where the amount in controversy exceeds $75,000.

5          The party seeking removal bears the burden of establishing jurisdiction, and the Court

6    strictly construes the removal statute against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d

7    564, 566 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right

8    of removal in the first instance.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.

9    1979).

10    **III.**    **DISCUSSION**

11          Plaintiff does not contest that complete diversity exists in this case and only asserts—

12    without taking any position as to the total amount of damages she may recover—that Ford has not

13    carried its burden of establishing that the amount in controversy exceeds $75,000.  Mot. 1 n.1.

14    The Court finds that the Complaint sufficiently alleges on its face the jurisdictional amount in

15    controversy, and therefore the requirement is presumptively satisfied unless it appears to a "legal

16    certainty" that Plaintiff cannot recover the amount alleged.  *Guglielmino v. McKee Foods Corp.*,

17    506 F.3d 696, 699 (9th Cir. 2007) (*citing Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th

18    Cir. 1996).

19          **A.**    **Amount in Controversy**

20          If a defendant removes a case from state court to federal court, the defendant bears the

21    burden of proving that the amount in controversy is satisfied.  *See Chajon v. Ford Motor Co.*, No.

22    18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019).  The allegations in the

23    complaint dictate the defendant's burden.  When a complaint filed in state court alleges on its face

24    an amount in controversy sufficient to meet the federal jurisdictional threshold, the amount in

25    controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the

26    plaintiff cannot actually recover that amount.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

27    402 (9th Cir. 1996); *see also Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 755–56 (E.D. Mich.

28    Case No.: 21-cv-06418-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

1990) (noting that when a complaint is originally filed in state court, it is highly unlikely that the

plaintiff inflated her damages solely to obtain federal jurisdiction).  In measuring this amount, the

Court must assume that the allegations of the complaint are true and that a jury will return a

verdict for the plaintiff on all claims made in the complaint.  *See Fong v. Regis Corp.*, No. C 13-

04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014).  The ultimate inquiry is what amount

the plaintiff has "put in controversy" in the complaint, not what amount a defendant will actually

owe.  *See Verastegui v. Ford Motor Co.*, No. 19-CV-04806-BLF, 2020 WL 598516, at *3 (N.D.

Cal. Feb. 7, 2020).

In contrast, if a plaintiff's state-court complaint does not specify a particular amount of

damages, the removing defendant bears the burden of establishing by a "preponderance of the

evidence" that it is "more likely than not" that the amount in controversy exceeds $75,000.  *See

Sanchez*, 102 F.3d at 404; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### 1.     Legal Certainty Test

The Court first turns to the Complaint to determine whether Plaintiff has sufficiently

alleged an amount in controversy exceeding the jurisdictional threshold.  The Complaint alleges

specific monetary values in two paragraphs: in paragraph 9, where Plaintiff asserts that the "sales

price for the Subject Vehicle was approximately $50,567.16"; and in paragraph 14, where she

alleges that she "suffered damages in a sum to be proved at trial in an amount not less than

$25,001.00."  Compl. ¶¶ 9, 14.  Additionally, Plaintiff seeks, *inter alia*, "the remedies provided in

California Civil Code section 1794(b)(1), including the entire contract price," *id.* ¶ 21, and a "civil

penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)."  *Id.* ¶ 22.

Turning first to the allegation that Plaintiff's damages are not less than $25,001, Plaintiff

explains in her Motion that "damages" in this context means total damages, which would include

actual damages, civil penalties, and attorneys' fees.  Mot. 5-6.  Ford responds that this

interpretation of "damages" is unsupported by the Complaint and the case law.  Opp. 4-6.

Generally, courts in this Circuit have agreed with Plaintiff's interpretation and determined that this

specific language—*i.e.*, damages . . . in an amount not less than $25,0001.00"—is too speculative

United States District Court
Northern District of California

1   without more to conclude that the amount in controversy has been satisfied.  *See Limon-Gonzalez*

2   *v. Kia Motors Am., Inc.*, No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *2 (C.D. Cal. July 7,

3   2020) (collecting cases); *see also Cox v. Kia Motors Am., Inc.*, No. 20-CV-02380-BLF, 2020 WL

4   5814518, at *3 (N.D. Cal. Sept. 30, 2020) (finding that, even though the maximum recoverable

5   civil penalties must be considered in determining the amount in controversy, it could not

6   determine whether such penalties are included in the "amount not less than $25,0001.00"

7   language).  Indeed, this Court has previously accepted Plaintiff's explanation that the $25,001.00

8   figure represents the combined total of actual damages and civil penalties "in the absence of any

9   contradictory allegations in the Complaint."  *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-

10   EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020).

11   Here, however, the Complaint contains further allegations bearing on the amount that

12   Plaintiff has put in controversy.  Unlike the cases cited above, the Complaint alleges both that

13   Plaintiff is seeking "the entire contract price" from her purchase of the Vehicle in question and

14   specifically that the sales price for the Vehicle was $50,567.16.  Compl. ¶¶ 9, 21.  Other courts in

15   this district have interpreted similar allegations to have sufficiently met the jurisdictional amount

16   in controversy, even where the complaint had not specifically named the price for the vehicle.  *See*

17   *Verastegui*, 2020 WL 598516, at *3 (finding no ambiguity as to alleged damages where plaintiff

18   sought "the entire contract price" and the price was $36,580); *Covarrubias v. Ford Motor Co.*, No.

19   19-CV-01832-EMC, 2019 WL 2866046, at *6 (N.D. Cal. July 3, 2019) (finding that plaintiff's

20   claim for "the full contract price of her Vehicle thus resolves any ambiguity regarding damages");

21   *cf. Luna v. FCA US LLC*, No. 21-CV-01230-LHK, 2021 WL 4893567, at *6 (N.D. Cal. Oct. 20,

22   2021) ("Plaintiff does **not** allege the contract price in the complaint. Accordingly, looking solely

23   at the complaint, the Court cannot determine that Plaintiff's claim is contradicted by his own

24   pleadings.") (emphasis added).  Because this figure was specifically alleged by Plaintiff herself to

25   be the Vehicle's price and she subsequently requests "the entire contract price" as a remedy, the

26   Court here will consider the $50,567.16 figure in measuring the jurisdictional amount in

27

28   Case No.: 21-cv-06418-EJD
     ORDER DENYING PLAINTIFF'S MOTION TO REMAND
     5

United States District Court
Northern District of California

1   controversy alleged in the Complaint.[1]

2       Plaintiff also alleges at various points in the Complaint that she is "entitled to a civil

3   penalty of two times [her] actual damages."  Compl. ¶¶ 15, 16, 22, 24, 28.  In her motion,

4   however, Plaintiff argues that the civil penalty is a permissive remedy and, therefore, is too

5   speculative to be included in the jurisdictional amount in controversy unless Defendant Ford

6   introduces evidence of its own willfulness.  Mot. 10-12.  In estimating the alleged amount in

7   controversy, the Court "assum[es] plaintiff's allegations are true."  *Luna*, 2021 WL 4893567, at *9

8   (quoting *Carillo v. FCA USA, LLC*, No. 2:21-cv-01229-CAS-JEMx, 2021 WL 2711138, at *6

9   (C.D. Cal. June 29, 2021)).  Where plaintiffs directly state in their complaints that they are entitled

10  to the statutory civil penalty of two times their actual damages, courts have considered the penalty

11  in the amount in controversy inquiry "because that is what [the plaintiffs have] put in

12  controversy."  *Verastegui*, 2020 WL 598516, at *3; *see also Luna*, 2021 WL 4893567, at *9;

13  *Messih v. Mercedes-Benz USA, LLC*, No. 21-CV-03032-WHO, 2021 WL 2588977, at *6 (N.D.

14  Cal. June 24, 2021).  Accordingly, the Court will also consider the civil penalty Plaintiff requested

15  in calculating the amount in controversy.

16      In sum, Plaintiff has alleged a specific price of $50,567.16 for the Vehicle at issue, and she

17  seeks the Vehicle's entire contract price and a civil penalty that is two times her actual damages.

18  Reading these allegations on their face and within the four corners of the Complaint, the Court

19  concludes that Complaint has sufficiently "put in controversy" an amount approaching $150,000,

20  a figure well in excess of the jurisdictional threshold.  Accordingly, the Court does not reach the

21

22

[1] Plaintiff argues that the Vehicle's contract price should be reduced per a "mileage offset"
23  calculation set forth in Cal. Civ. Code § 1793.2(d)(1)(C).  Although this mileage offset could be
relevant to the amount in controversy calculation, it is typically considered in the "preponderance
24  of the evidence" analysis, which is only reached after a court determines that the complaint is
unclear as to the amount in controversy.  *See Bourland v. Ford Motor Co.*, No. 5:19-CV-08456-
25  EJD, 2020 WL 5797915, at *4 (N.D. Cal. Sept. 29, 2020).  At this stage in the analysis, however,
the Court only reviews the Complaint on its face to determine the alleged amount in controversy.
26  *See Luna*, 2021 WL 4893567, at *6 ("The Ninth Circuit has explained that at this step, the amount
in controversy must be clear from the face of the *complaint*.") (emphasis in original).  Here, the
27  Complaint does not allege that any amount is to be offset per § 1793.2(d)(1)(C)—to the contrary,
it seeks "the entire contract price" as a remedy under Cal. Civ. Code § 1794(b)(1).  Compl. ¶ 21.
28  Case No.: 21-cv-06418-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "preponderance of the evidence" analysis and, therefore, issues no opinion as to whether the

2    evidence submitted by Ford would have satisfied its burden under that analysis.

3         The amount in controversy requirement is therefore presumptively satisfied unless it

4    appears to a "legal certainty" that Plaintiff cannot actually recover that amount.  *Guglielmino*, 506

5    F.3d at 699.  To that end, Plaintiff has not submitted a reply to Ford's opposition, nor has she

6    submitted any documentary evidence that would indicate to a legal certainty that she could not

7    actually recover the amount she requested in the Complaint.  Indeed, she has expressly declined to

8    take any position as to the total amount of damages recoverable.  Mot. 1 n.1.

9         Accordingly, although Lemon Law cases brought solely under California law are often

10   best litigated in state court, the Court here finds that both the diversity and amount in controversy

11   requirements have been satisfied to invoke the Court's subject matter jurisdiction under 28 U.S.C.

12   § 1332(a).

13   **IV.   CONCLUSION**

14        For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

15        **IT IS SO ORDERED.**

16   Dated:  April 18, 2022

17

18   _____

19   EDWARD J. DAVILA
     United States District Judge

20

21

22

23

24

25

26

27

28   Case No.: 21-cv-06418-EJD
     ORDER DENYING PLAINTIFF'S MOTION TO REMAND
     7